## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) MARTIN J. GORDON | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-  16-1327-R |
| | ) | |
| (1) ST. JAMES TRANSPORTS, L.L.C., | ) | |
| (2) L. DAVIS TRANSPORTS, L.L.C., and | ) | |
| (3) DONALD C. MCCRITE | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Martin J. Gordon, and in an effort to help protect Oklahoma and U.S. Citizens from being harmed by Motor Carriers and Drivers of Commercial Motor Vehicles that disobey traffic rules as well as to enforce his rights under Oklahoma law brings this lawsuit against the defendants.  In support of all claims and remedies, Plaintiff by and through his attorney states as follows:

1.      This lawsuit concerns a traffic collision that occurred in the State of Oklahoma, County of Oklahoma, on April 9, 2015.  Thus, Plaintiff's cause of action is one for bodily injury due to negligence, gross negligence, and/or recklessness by the defendants.

2.      Plaintiff Martin J. Gordon is a resident of the State of Oklahoma, County of Oklahoma.

3.      Defendant Donald C. McCrite (herein "McCrite") is a resident of the State

of Missouri.  Defendant McCrite was the Driver (49 C.F.R. §390.5) of the Commercial Motor Vehicle (49 C.F.R. §390.5) with VIN 2HSCUAPR4AC175235 and U.S. Dot Number 0979912 (herein the "Truck").

4.      Defendant St. James Transports, L.L.C., is a State of Missouri limited liability company (herein "SJT").  Defendant St. James Transports, L.L.C., was the Motor Carrier (49 C.F.R. §390.5) for the Truck and its Driver Donald McCrite.

5.      Defendant L. Davis Transports, L.L.C., is a State of Missouri limited liability company (herein "LDT").  Defendant L. Davis Transports, L.L.C., was the owner of the Truck at the time of the collision and is also a Motor Carrier for the Truck and its Driver Donald McCrite.

6.      Defendants SJT and LDT are responsible for providing reliable equipment to be used by their Drivers.

7.      Defendants SJT and LDT are responsible for training, notifying and supervising their Drivers with respect to equipment about trucks and semi-trailers (herein collectively referred to as "Big Rig" or "Rig") to be used by their drivers.

8.      Prior to his departure on April 9, 2015, Defendants SJT and LDT equipped the Truck and the trailer attached to it (herein the "Trailer") to be driven by Defendant McCrite with super single tires.

9.      The decision to equip the Truck and Trailer with super single tires was an attempt to save money.

10.     In the morning of April 9, 2015, Defendant McCrite arrived for work.

11.     Prior to that morning Defendant McCrite was not informed by SJT nor by LDT that he would be driving a Big Rig with super single tires.

12.     Super single tires require different maintenance, care and treatment than dual tires.

13.     Super single tires perform differently than dual tires.

14.     Super single tires turn an 18 wheeler into a 10 wheeler.

15.     This change in equipment saves on fuel, and thus saves a trucking company money.

16.     However, procedures of driving and pre-trip inspection are different for Rig's equipment with super single tires as opposed to dual tires.

17.     And without proper inspection and maintenance, along with proper training and experience with them, a Rig equipped with super single tires will perform differently than one with duals.

18.     Failing to properly inspect, inflate, and maintain super single tires negatively affects the performance of a Big Rig relative to stopping distances.

19.     Before April 9, 2015, Defendant McCrite had never driven a Rig with super single tires.  He had only driven Big Rigs with dual tires.

20.     Neither SJT nor LDT advised Defendant McCrite about the difference in performance and maintenance required relative to super single tires.

21. Neither SJT nor LDT provided any training to Defendant McCrite relative to the difference in performance and maintenance required relative to super single tires.

22. Neither SJT nor LDT supervised Defendant McCrite relative to the difference in performance and maintenance required relative to super single tires.

23. Due to not receiving proper notification, training, and supervision, Defendant McCrite failed to perform a proper pre-trip inspection of the Truck and the Trailer supplied to him by his employer.

24. As a result of failing to perform a proper inspection of the Truck and Trailer along with not being trained, informed and supervised as to performance issues of super single tires, when Defendant McCrite began his trip the morning of April 9th, he was behind the wheel of a vehicle, that was from his perspective of driving Rigs for decades with dual tires, that was unpredictable and unreliable.

25. On April 9, 2015, Defendant McCrite was transporting goods via the Truck and Trailer across state lines.

26. While driving westbound on I-40 in Oklahoma City, Oklahoma, Defendant McCrite chose to take his mind off his driving and his eyes of the road.

27. As Defendant McCrite's Truck and Trailer moved down the highway, vehicles that lie ahead of Defendant McCrite's Truck were stopped.

28. Defendant McCrite choose to not pay attention to the traffic conditions on the highway and allowed his mind and his eyes to be occupied with something else.

29.    Defendant McCrite's Truck and Trailer collided into the rear of the vehicle in front of it, and the force of the collision caused that vehicle to be pushed forward striking a 2nd vehicle, and the force of that collision caused the 2nd vehicle to be pushed forward striking a 3rd vehicle.

30.    Plaintiff Gordon was in the 1st vehicle that the Truck collided with.

31.    As a result of the collision, Plaintiff Gordon suffered multiple injuries including without limitation a shoulder injury for which surgery was required, a lower back injury for which surgery was required, and a neck injury.

32.    In the alternative or in addition to Defendant McCrite's failure to use reasonable care when driving, the collision happened because of the decision to equip the Truck and Trailer with super single tires.

33.    That is, Defendant McCrite blames the performance of his Truck and Trailer for the reason why the collision happened.

34.    Defendant McCrite stated that he responded to traffic conditions with the same driving procedures he has always used.

35.    However, Defendant McCrite stated that the Truck and Trailer responded differently and futilely as compared to Rigs that Defendant McCrite had always driven before the day of this collision.

36.    Thus, in addition to being liable vicariously liable, Defendants SJT and/or Defendant LDT are directly liable for their own negligent actions, including but not limited

to the actions and omissions by SJT and LDT of failing to train, notify, and supervise Defendant McCrite with regard to the different equipment used on the rig.  Plaintiff alleges that SJT and/or LDT were directly negligent in other ways, such as failing to train and supervise Defendant McCrite besides the equipment issues.

37.     Plaintiff is entitled under Oklahoma law to compensation for all harms and losses caused by the collision, and Plaintiff seeks all compensatory damages provided under Oklahoma law most of which are described in OUJI 4.1.

38.     Defendant McCrite was in the course and scope of his employment with both Motor Carriers, and pursuant to the doctrine of *respondeat superior* and according to federal regulations each and every Motor Carrier is liable for the harms and losses caused by Defendant McCrite's negligence/reckless disregard.

39.     The actions and omissions of the defendants that led to the collision were reckless in nature and/or rise to the level of gross negligence.

40.     Because SJT and LDJ's actions were grossly negligent, reckless, and/or done intentionally without any justification, plaintiff seeks punitive damages against Defendant SJT and Defendant LDJ.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount in excess of the jurisdictional limit for diversity jurisdiction in federal court, as compensation for all harms and losses, together with costs, interest, attorney's fee, and any other relief which is just and reasonable.  And plaintiff prays for a

punitive damage judgment against Defendant SJT and LDJ to deter these defendants from

engaging in any future reckless, grossly negligent, and/or intentional conduct that puts the

safety of the public at risk.

Respectfully submitted,

Timothy B. Hummel, OBA # 16511
HUMMEL LAW OFFICE
500 West Main Street, Suite 102
Oklahoma City, Oklahoma 73102
(405) 319-0300
(405) 319-0350 facsimile
tim@hummellawoffice.com
*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

Counsel for Plaintiff Marty Gordon hereby certifies that a true and correct copy of this **Complaint** was served this __18th__ day of November, 2016, via e-mail upon the following:

Derrick T. DeWitt, OBA #18044
P.O. Box 138800
Oklahoma City, OK  73113
Telephone: 405.705.3600
Fax: 405.705.2573
Email: dewitt@ntmdlaw.com;
Attorneys for Defendants SJT, LDT, and McCrite


S/Timothy B. Hummel