**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) MARTIN J. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:16-cv-01327-F |
| | ) | |
| (1) ST. JAMES TRANSPORTS, LLC | ) | |
| (2) L. DAVIS TRANSPORTS, LLC, and | ) | |
| (3) DONALD C. McCRITE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT L. DAVIS TRANSPORTS, LLC'S MOTION FOR SUMMARY
JUDGMENT AND BRIEF IN SUPPORT**

Pursuant to Civ. R. 56 and LCvR 56.1, Defendant L. Davis Transports, LLC ("LDT") respectfully requests the Court grant summary judgment in its favor. In support of the Motion, LDT provides the following Brief in Support.

**INTRODUCTION**

This litigation arises out of an accident which occurred on April 9, 2015 at approximately 5:48 p.m. on Interstate 40 westbound near Portland Avenue in Oklahoma City, Oklahoma (hereinafter "the Accident").  Mr. McCrite was driving a tractor and trailer owned by LDT and leased to Mr. McCrite's employer, St. James, in stop-and-go traffic during rush hour in Oklahoma City. While operating the tractor and trailer, the traffic in front of him suddenly came to a stop.  The vehicle driven by Plaintiff was in front of Mr. McCrite, and when Mr. McCrite saw Plaintiff's brake lights, Mr. McCrite applied his brakes and attempted to stop. However McCrite was not able to stop in time and collided with Plaintiff's vehicle.

## STATEMENT OF MATERIAL AND UNDISPUTED FACTS

1.     Defendant Donald McCrite was, at all relevant times relating to the Accident, an employee of St. James Transports, LLC and in the course and scope of his employment with St. James. [Doc. 18 at ¶ 38]; (Deposition Donald McCrite, Exhibit 1 at p. 125:12 - 21; Deposition of Derek Wood, Exhibit 2 at p. 35:23 – 25).

2.     Defendant LDT owned the tractor and trailer and leased the rig to St. James Transports, LLC at the time of the Accident. (Depo Wood, Ex. 2 at p. 63:21 – 64:5; p. 95:19 – p. 96:3; Depo McCrite, Ex. 1 at p. 122:18 - 25).

3.     St. James was responsible for the maintenance and operation of the tractor and trailer involved in the Accident. (Depo Wood, Ex. 2 at p. 63:21 – 64:5).

4.     LDT did not maintain or operate the tractor and trailer involved in the Accident. (Depo Wood, Ex. 2 at p. 63:21 – 64:5; p. 95:19 – p. 96:3).

5.     Plaintiff's own trucking expert did not criticize or otherwise offer any opinion relating to any LDT's actions in relation to the tractor and trailer involved in the Accident. (Report of Stopper, Ex. 3).

6.     Plaintiff's expert admits the tractor and trailer identified St. James Transports, LLC as the "federal motor carrier" pursuant to the Federal Motor Carrier Safety Regulations. (Report, Ex. 3 at p. 6).

7.     Plaintiff's expert admits St. James was responsible, as the motor carrier, for the maintenance and operation of the tractor and trailer. (Report, Ex. 3 at p. 28 – 29).

## ARGUMENT AND AUTHORITIES

Summary judgment pursuant to Civ.R. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 – 23 (1986); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250. The plain language of Civ.R. 56(c) mandates entry of summary judgment, upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 317.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 586 – 87 (1986)(citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. Based on the Material Undisputed Facts, LDT respectfully request judgment as a matter of law in its favor.

## PROPOSITION I: PLAINTIFF'S CLAIMS AGAINST LDT SHOULD BE DISMISSED AS A MATTER OF LAW

The Oklahoma Supreme Court has held three elements essential to establish a prima facie case of negligence: (1) a duty owed by Defendant to protect Plaintiff from injury; (2) a failure to properly exercise or perform that duty; and (3) the Plaintiff's

injuries are proximately caused by Defendant's failure to exercise his duty of care. *Thompson v. Presbyterian Hosp. Inc.*, 652 P.2d 260, 263 (Okla. 1982). In the absence of a duty neglected or violated, there can be no actionable negligence. *Turner v. Rector,* 544 P.2d 507, 509 (Okla. 1975). The existence of a duty presents a question of law. *Bray v. St. John Health Sys. Inc.,* 187 P.3d 721, 723 (Okla. 2008); *Miller v. David Grace, Inc.*, 212 P.3d 1223, 1227 (Okla. 2009) ("The cornerstone of a negligence action is the existence of a duty").

The undisputed evidence in this case establishes LDT owed no duty of care to Plaintiff, as it did not operate or maintain the tractor and trailer involved in the Accident with Plaintiff. (SUF nos. 1 – 4). In fact, Plaintiff's own expert admits Defendant St. James was, pursuant to the Federal Motor Carrier Safety Regulations, responsible for the operation and maintenance of the tractor and trailer. (SUF nos. 6 – 7). This is confirmed by St. James, as although it leased the tractor and trailer from LDT, St. James was responsible for the maintenance and operation of the vehicle, and its drivers, including Mr. McCrite. (SUF nos. 1 – 4).

Plaintiff's own expert further fails to identify a breach of any duty owed by LDT. (SUF no. 5). Since Plaintiff's expert does not identify any duty owed by LDT in relation to the operation of the tractor and trailer, or to Plaintiff in relation to the Accident, there can be no breach of any duty. *Turner,* 544 P.2d at 509. Plaintiff's failure to provide any evidence of a legal duty owed to Plaintiff, or any breach of any alleged duty is fatal to his claim. As such summary judgment is proper for LDT.

4

**PROPOSITION II:**          **PLAINTIFF'S CLAIMS FOR NEGLIGENT HIRING, TRAINING, SUPERVISION, ENTRUSTMENT OR RETENTION SHOULD BE DISMISSED AS A MATTER OF LAW**

For the sake of ease, Defendant LDT would adopt and incorporate by reference Defendant St. James's Motion for Partial Summary Judgment on the issue of Plaintiff's claim of negligent hiring, training, supervision and/or retention. [Doc. 35]. In further support of LDT's Motion for Summary Judgment, LDT would further provide it is undisputed Defendant Donald McCrite was employed by St. James, and not LDT. (SUF no. 1). Further, the undisputed material facts establish no independent cause of action against LDT. (SUF nos. 5 – 7). Based on St. James's Motion for Partial Summary Judgment, and as set forth herein, summary judgment is proper for Defendant LDT.

**PROPOSITION III:**          **SUMMARY JUDGMENT IS PROPER AS TO PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES**

Again, Defendant LDT would adopt and incorporate by reference Defendant St. James's Motion for Partial Summary Judgment on the issue of Plaintiff's claim for punitive damages. [Doc. 35]. In further support of LDT's Motion for Summary Judgment, LDT would further provide it is undisputed St. James was responsible for the operation and maintenance of the tractor and trailer operated by its employee, Mr. McCrite. (SUF nos. 1 - 4). Further, Plaintiff's expert has expressed no opinion critical of LDT in relation to either the ownership of the tractor and trailer or in relation to the Accident itself. (SUF nos. 5 -7). Based on St. James's Motion for Partial Summary Judgment, and as set forth herein, summary judgment is proper for Defendant LDT.

## CONCLUSION

WHEREFORE, premises considered, Defendant L. Davis Transports, LLC respectfully requests the Court grant summary judgment in its favor and dismiss Plaintiff's claims.

Respectfully submitted,

s/Derrick T. DeWitt
Derrick T. DeWitt, OBA #18044
Ryan L. Dean, OBA #21152
NELSON TERRY MORTON
    DeWITT & PARUOLO
P.O. Box 138800
Oklahoma City, OK  73113
Telephone: (405) 705-3600
Facsimile:  (405) 705-2573
dewitt@ntmdlaw.com
rdean@ntmdlaw.com
*Attorneys for Defendant*
*L. Davis Transports, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of September, 2017, the above document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Timothy B. Hummel, OBA #16511
HUMMEL LAW OFFICE
500 W. Main Street, Suite 102
Oklahoma City, OK 73102
Telephone:   (405) 319-0300
Facsimile:   (405) 319-0350
Email: tim@hummellawoffice.com
*Attorney for Plaintiff*

s/Derrick T. DeWitt