## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) MARTIN J. GORDON | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-16-1327-F |
| | ) | |
| (1) ST. JAMES TRANSPORTS, L.L.C., | ) | |
| (2) L. DAVIS TRANSPORTS, L.L.C., and | ) | |
| (3) DONALD C. MCCRITE | ) | Dec. 5, 2017, Trial Docket |
| | ) | |
| Defendants. | ) | |

## <u>FINAL PRETRIAL REPORT</u>

All counsel who will appear at trial:

Appearing for Plaintiff:    Timothy B. Hummel, OBA # 16511
500 West Main Street, Suite 102
Oklahoma City, Oklahoma 73102
Telephone: 405.319.0300
Fax: 405.319.0350
Email: <u>tim@hummellawoffice.com</u>


Appearing for Defendants:  Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA # 18442
Ryan Dean, OBA# 21152
P.O. Box 138800
Oklahoma City, OK  73113
Telephone: 405.705.3600
Fax: 405.705.2573
Email: <u>dewitt@ntmdlaw.com</u>; <u>rdean@ntmdlaw.com</u>


**Jury Trial Demanded ☒ - Non-Jury Trial ☐**

1.    BRIEF PRELIMINARY STATEMENT.

Plaintiff –

On April 9, 2015, a traffic collision occurred involving the Plaintiff Martin Gordon, Defendant St. James Transports and Defendant Donald McCrite.  Plaintiff contends Defendants were negligent and/or grossly negligent in causing the collision.  Plaintiff further contends he suffered injury to due to the collision.  Defendants deny they were negligent and deny the nature and extent of Plaintiff's injuries.

Defendants-

On April 9, 2015, a traffic collision occurred involving the Plaintiff Martin Gordon, Defendant St. James Transports and Defendant Donald McCrite.  Plaintiff contends Defendants were negligent in causing the collision.  Plaintiff further contends he suffered injury to due to the collision.  Defendants deny they were negligent and deny the nature and extent of Plaintiff's claims of injury, including the reasonableness and necessity of medical treatment and its cost.

2.    JURISDICTION. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441.   There is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

3.    STIPULATED FACTS.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

    1.    Jurisdiction over subject matter and all of the parties is proper.
    2.    The collision giving rise to Plaintiff's claims occurred on April 9, 2015.
    3.    The collision occurred on Interstate 40 West, near Portland Avenue in Oklahoma City, Oklahoma.

4.    LEGAL ISSUES.

1.    Plaintiff contends 23 O.S. §61.2 (damage cap) is unconstitutional [Doc. 37].

2.    Issues set forth in Plaintiff's Motions in Limine.

**DEFENDANTS -**

1.    Defendants contend 23 O.S. § 61.2 is constitutional.

2.    Plaintiff's damages are capped pursuant to 23 O.S. § 61.2.

3.    Issues set forth in Defendants' Motions in Limine

5.    CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT.

A.    Plaintiff:

1.    Defendant McCrite was the Driver (49 C.F.R. §390.5) of the Commercial Motor Vehicle (49 C.F.R. §390.5) with VIN 2HSCUAPR4AC175235 and U.S. Dot Number 0979912 (herein the "Truck").

2.    Defendant St. James Transports, L.L.C., (herein "SJT") was the Motor Carrier (49 C.F.R. §390.5) for the Truck and its Driver Donald McCrite.

3.    At all material times Defendant McCrite was acting within the course and scope of his employment with Defendant SJT and thus Defendant SJT is vicariously liable for the actions and/or omissions of Defendant McCrite.

4.    As the motor carrier for its employee Defendant McCrite, Defendant SJT is vicariously liable for the actions and omissions of its Driver, Defendant McCrite.

5.    Defendant SJT as a motor carrier has a common law and FMCSA imposed duty to provide Trucks to only Drivers that have experience, training, and mental attitude

to use any entrusted equipment according to the rules and regulations of the FMCSA as well as the traffic laws of the State of Oklahoma.

6.      Defendant SJT as a motor carrier must also ensure its Drivers are medically fit, properly trained and supervised, and it may not encourage, aid or abet a Driver in the violation of any FMCSA rule or regulation.

7.      Defendant SJT negligently/grossly negligent/and/or recklessly breached its duties by entrusting the Truck to Defendant McCrite encouraging him and knowing he would be driving consistent with Defendant SJT's deficient training and standards relative to looking ahead (12-15 seconds) for traffic, braking procedures, driving without a fit and proper mental attitude, and driving inattentively because of continuous, non-stop driving.

8.      Defendant SJT required and/or allowed its Drivers, including Defendant McCrite, to drive in violation of the duty to devote full time and attention to driving as well as to drive non-stop for over seven (7) hours.  Such policies make entrusting a commercial motor vehicle to a Driver with such training a negligent/grossly negligent act.

9.      On April 9, 2015, Defendant McCrite was transporting goods via the Truck across state lines.

10.     Defendant McCrite had been driving for almost seven (7) hours without any break when he, while driving westbound on I-40, chose to take his mind off his driving and his eyes of the road consistent with Defendant SJT's training and education.

11.     As Defendant McCrite's Truck and trailer moved down the highway, vehicles that lie ahead of Defendant McCrite's Truck were stopped.

4

12.     Defendant McCrite choose to not pay attention to the traffic conditions on the highway and allowed his mind and his eyes to be occupied with something else.

13.     Defendant McCrite's Truck collided into the rear of the vehicle in front of it, and the force of the collision caused that vehicle to be pushed forward striking a 2nd vehicle, and the force of that collision caused the 2nd vehicle to be pushed forward striking a 3rd vehicle.

14.     Plaintiff Gordon was in the 1st vehicle that the Truck collided with.

15.     Because of the collision, Plaintiff Gordon suffered multiple injuries including without limitation a shoulder injury for which surgery was required and a back injury for which surgery was required.

16.     The actions of the defendants that led to the collision were reckless in nature and violated statutes and Federal Motor Carrier Safety rules and regulations that exist to protect people from harm.

17.     Plaintiff thus contends that Defendants engaged in grossly negligent and reckless behavior such that the damages cap imposed by 23 O.S. §61.2 is removed, and that defendants were negligent per se for violating certain Oklahoma statutes and FMCSA rules and regulations.

18.     Plaintiff further contends that the damages cap imposed by 23 O.S. §61.2 is unconstitutional and should not be applied.

19.     Plaintiff seeks compensatory damages as described and permitted in OUJI 4.1 against all defendants, jointly and severally.  Plaintiff's past medical bills are about $426,450.46, plaintiff's future medical expenses are approximately $741,498.21,

plaintiff's future earning capacity loss is $1,006,338.68, and plaintiff has suffered extensive non-economic damages.

20.     Plaintiff seeks punitive damages against Defendant SJT.

**B.     DEFENDANTS -**

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

2.     The Plaintiff was negligent and such negligence on the part of the Plaintiff proximately caused or contributed to the accident and damages, if any, and such negligence on the part of the Plaintiff comparatively was greater than the negligence of Defendants, and Plaintiff is therefore not entitled to recover herein.

3.     The accident was proximately caused by the negligence of a third party over whom Defendants had no control and whose acts Defendants are not responsible.

4.     The Plaintiff was comparatively more at fault than Defendants whose fault is specifically denied.

5.     Plaintiff failed to mitigate his damages.

6.     The medical treatment Plaintiff received was not reasonable or necessary, including but not limited to the cost of treatment.

7.     Plaintiff's non-economic damages are capped pursuant to the provisions of Okla. Stat. tit. 23, § 61.2.

8.     Plaintiff has admittedly failed to file either federal or state income taxes for an undisclosed period of time, potentially more than a decade, and Plaintiff's claim for lost wages should be precluded.

9.     Defendant St. James Transport did not negligently entrust Defendant Don McCrite with the vehicle involved in the accident.

10.     Plaintiff should be precluded from asserting causes of action not previously raised, including but not limited to vague identifications of statutes or Federal Motor Carrier Safety Regulations.

11.     Plaintiff's claim for punitive damages has been dismissed as a matter of law, therefore Plaintiff should be precluded from attempting to argue any conduct gives rise to such a claim.

12.     Plaintiff's claim for punitive damages has been dismissed as a matter of law, therefore Plaintiff's non-economic damages are capped, and no instruction should be provided to the jury regarding any interrogatories other than a break-down of the economic and non-economic damages.

6.     <u>EXHIBITS.</u>

Unlisted exhibits will not be admitted unless, by order of the court, the final pretrial order is amended to include them.

A.     <u>Plaintiff:</u>

**EXHIBITS:**

| No. | Title/Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1 | Medical Bill summary, along with a compilation of medical bills/liens relative to the treatment of Plaintiff Martin Gordon, as a result of the traffic collision, or if required just the medical bill summary and introduction of separate medical bills/liens for each provider as identified below. | | |
| 2 | [Blank] | | |

| 3 | [Blank] | | |
|---|---|---|---|
| 4 | [Blank] | | |
| 5 | [Blank] | | |
| 6 | [Blank] | | |
| 7 | [Blank] | | |
| 8 | [Blank] | | |
| 9 | [Blank] | | |
| 10 | [Blank] | | |
| 11 | [Blank] | | |
| 12 | [Blank] | | |
| 13 | [Blank] | | |
| 14 | [Blank] | | |
| 15 | [Blank] | | |
| 16 | [Blank] | | |
| 17 | 7/29/16 Neuroscience Specialists X-Ray of L-Spine (1) | | |
| 18 | 7/29/16 Neuroscience Specialists X-Ray of L-Spine (2) | | |
| 19 | 7/29/16 Neuroscience Specialists X-Ray of L-Spine (3) | | |
| 20 | 7/29/16 Neuroscience Specialists X-Ray of L-Spine (4) | | |
| 21 | 7/29/16 Neuroscience Specialists X-Ray of L-Spine (5) | | |
| 22 | 7/29/16 Neuroscience Specialists X-Ray of L-Spine (6) | | |
| 23 | 7/29/16 Neuroscience Specialists X-Ray of L-Spine (7) | | |
| 24 | 4/11/16 Neuroscience Specialists MRI of L-Spine (1) | | |
| 25 | 4/11/16 Neuroscience Specialists MRI of L-Spine (2) | | |
| 26 | 4/11/16 Neuroscience Specialists MRI of L-Spine (3) | | |
| 27 | 4/11/16 Neuroscience Specialists MRI of L-Spine (4) | | |
| 28 | 4/11/16 Neuroscience Specialists MRI of L-Spine (5) | | |

| 29 | 4/11/16 Neuroscience Specialists MRI of L-Spine (6) | | |
|----|---------------------------------------------------|--|--|
| 30 | 4/11/16 Neuroscience Specialists MRI of L-Spine (7) | | |
| 31 | 2/15/16 SW Orthopedic X-Ray of C-Spine (1) | | |
| 32 | 2/15/16 SW Orthopedic X-Ray of C-Spine (2) | | |
| 33 | 2/15/16 SW Orthopedic X-Ray of L-Spine (1) | | |
| 34 | 2/15/16 SW Orthopedic X-Ray of L-Spine (2) | | |
| 35 | 2/15/16 SW Orthopedic X-Ray of L-Spine (3) | | |
| 36 | 2/15/16 SW Orthopedic X-Ray of L-Spine (4) | | |
| 37 | 4/28/15 SW Regional Imaging MRI of L-Spine 2 Images | | |
| 38 | 4/28/15 SW Regional Imaging MRI of L-Spine 1 Image | | |
| 39 | 4/28/15 SW Regional Imaging MRI of C-Spine 4 Images (1) | | |
| 40 | 4/28/15 SW Regional Imaging MRI of C-Spine 4 Images (2) | | |
| 41 | 4/28/15 SW Regional Imaging MRI of C-Spine 1 Image | | |
| 42 | 4/20/15 SW Regional Imaging MRI of Left Shoulder 4 Images | | |
| 43 | Curriculum vitae of Dr. Robert Tibbs | | |
| 44 | Curriculum vitae of Steven D. Coupens, M.D. | | |
| 45 | Curriculum vitae of Lon Huff. | | |
| 46 | Curriculum vitae of Dr. Hastings. | | |
| 47 | Curriculum vitae of David Stopper. | | |
| 48 | Photograph of Martin Gordon in the hospital after first surgery. | | |
| 49 | Photograph of Martin Gordon in the hospital after first surgery. Close-up. | | |
| 50 | Photograph of Martin Gordon in the hospital after second surgery. Front view. | | |

| 51 | Photograph of Plaintiff Martin Gordon in the hospital after second surgery. Side view. | | |
|---|---|---|---|
| 52 | Photograph of Plaintiff Martin Gordon in the hospital after second surgery.  Lower back incision. | Yes | Unfair prejudice– Civ.R. 402, 403 |
| 53 | Photograph of Plaintiff Martin Gordon in the hospital after second surgery. Staples on abdomen. | Yes | Unfair prejudice– Civ.R. 402, 403 |
| 54 | Photograph of damage to the Gordon-vehicle at the collision scene on a flatbed tow truck. | | |
| 55 | Photograph of damage to the Gordon-vehicle.  Front View | | |
| 56 | Photograph of damage to the Gordon-vehicle.  Side View | | |
| 57 | Photograph of damage to the Gordon-vehicle.  Side View 2 | | |
| 58 | Photograph of damage to the Gordon-vehicle.  Inside View | | |
| 59 | Photograph of damage to the Gordon-vehicle.  Inside View 2 | | |
| 60 | Photograph of damage to the Gordon-vehicle. Underneath View | | |
| 61 | Photograph of damage to the Gordon-vehicle.  Back View | | |
| 62 | Photo depicting worksite 01 | Yes | Irrelevant, confusion of issues, unfair prejudice – Civ.R. 402, 403 |
| 63 | Photo depicting worksite 02 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 64 | Photo depicting worksite 03 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |

| 65 | Photo depicting worksite 04 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
|----|-----------------------------|-----|--------------------------------------------------------------------------------|
| 66 | Photo depicting worksite 05 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 67 | Photo depicting worksite 06 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 68 | Photo depicting worksite 07 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 69 | Photo depicting worksite 08 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 70 | Photo depicting worksite 09 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 71 | Photo depicting worksite 10 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 72 | Photo depicting Peggy Thomas condo 1 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 73 | Photo depicting Peggy Thomas condo 2 | Yes | Irrelevant, confusion of issues, unfair |

| | | | |
|---|---|---|---|
| | | | prejudice, cumulative – Civ.R. 402, 403 |
| 74 | Photo depicting Peggy Thomas condo 3 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 75 | Photo depicting Peggy Thomas condo 4 | Yes | Irrelevant, confusion of issues, unfair prejudice, cumulative – Civ.R. 402, 403 |
| 76 | Donald McCrite Federal Drug Test Results | | |
| 77 | SJT letter regarding post collision drug testing. | | |
| 78 | Handwritten note from Donald McCrite describing collision | Yes | Irrelevant, cumulative - Civ.R. 402, 403 |
| 79 | Google Maps of the location of the collision and surrounding area. | Yes | |
| 80 | Google earth satellite photos of collision area. | Yes | |
| 81 | Collection of prescription pill bottles | Yes | Irrelevant, confusion of issues, unfair prejudice – Civ.R. 402, 403 |
| 82 | Missouri Commercial Motor Vehicle Driver's Handbook | Yes | Irrelevant, confusion of issues, unfair prejudice – Civ.R. 402, 403 |
| 83 | Oklahoma Commercial Motor Vehicle Driver's Handbook | Yes | Irrelevant, confusion of issues, unfair prejudice – Civ.R. 402, 403 |
| 84 | Bill of Lading for load being transported | | |
| 85 | 7 step Accident procedure | | |
| 86 | Post-crash protocol | | |

| 87 | Defendant St. James Transports' Answer to Interrogatory No. 13. | Yes | Confusion of issues, cumulative – Civ.R. 402, 403 |
|---|---|---|---|
| 88 | Defendant St. James Transports' discovery response to RFA No. 4. | Yes | Confusion of issues, cumulative – Civ.R. 402, 403 |
| 89 | Defendant St. James Transports' discovery response to RFA No. 5. | Yes | Confusion of issues, cumulative – Civ.R. 402, 403 |
| 90 | Defendant St. James Transports' discovery response to RFA No. 6. | Yes | Confusion of issues, cumulative – Civ.R. 402, 403 |
| 91 | Defendant St. James Transports' discovery response to RFA No. 7. | Yes | Confusion of issues, cumulative – Civ.R. 402, 403 |
| 92 | Medical Graphic board showing, summarizing Martin Gordon's lumbar spine injuries | | Irrelevant, cumulative, confusion of issues, unfairly prejudicial - Civ.R. 402, 403, 802, 805, 901 |
| 93 | Medical Graphic boards showing, summarizing Martin Gordon's lumbar spine surgery | | Irrelevant, cumulative, confusion of issues, unfairly prejudicial - Civ.R. 402, 403, 802, 805, 901 |
| 94 | Medical Graphic board showing, summarizing Martin Gordon's left shoulder injuries | | Irrelevant, cumulative, confusion of issues, unfairly prejudicial - Civ.R. 402, 403, 802, 805, 901 |
| 95 | Medical Graphic board showing, summarizing Martin Gordon's left shoulder surgery | | Irrelevant, cumulative, confusion of issues, unfairly prejudicial - |

| | | | Civ.R. 402, 403, 802, 805, 901 |
|---|---|---|---|
| 96 | All of defendant's exhibits not otherwise objected to by Plaintiff. | | |
| | Demonstrative Aids, including but not limited to:<br><br>  a.  Medical charts, diagrams, videos, and photos. Including without limitation – (If not admitted into evidence) Medical Graphic board showing Martin Gordon's lumbar spine injuries; Medical Graphic board showing Martin Gordon's lumbar spine surgery; Medical Graphic board relative to Martin Gordon's left shoulder injuries; and Medical Graphic board relative to Martin Gordon's left shoulder surgery<br>  b.  Scales of Justice<br>  c.  Series of weights, objects, and descriptive index cards to use with scales<br>  d.  Dry Erase Board and/or Power Point "chalk board"<br>  e.  Gallon of Water or Milk<br>  f.  Skeleton of spine<br>  g.  Chronologies<br>  h.  Dept. of Public Safety crash statistics book<br>  i.  Jelly donuts<br>  j.  Statutes that may have been violated by Defendants.<br>  k.  FMSCA regs and rules violated by Defendants<br>  l. | Yes | Irrelevant, cumulative, confusion of issues, unfairly prejudicial, not sufficiently identified or produced, hearsay, identification and authentication - Civ.R. 402, 403, 802, 805, 901 |
| | Enlargements of all exhibits or excerpts thereof | Yes | Reserved until identified and produced |

**B.     DEFENDANTS' EXHIBITS:**

| No. | Title/Description | Objection | Federal Rule of Evidence Relied Upon |
|-----|------------------|-----------|--------------------------------------|
| 1 | Plaintiff's medical records from Midwest Regional Medical Center n/k/a AllianceHealth Midwest from before and after the accident in question | Yes | Portions are irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, - FRE 402, 403, 802 |
| 2 | Plaintiff's medical records from Caple Spence, M.D. relating to accident in question | Yes | Portions are irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, - FRE 402, 403, 802 |
| 3 | Plaintiff's medical records from Oklahoma Spine Hospital relating to accident in question | Yes | Portions are irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, - FRE 402, 403, 802 |
| 4 | Plaintiff's medical records from Southwest Orthopedic Specialists relating to accident in question | Yes | Portions are irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, - FRE 402, 403, 802 |
| 5 | Plaintiff's medical records from Integris SW Medical Center relating to accident in question | Yes | Portions are irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, - FRE 402, 403, 802 |
| 6 | Plaintiff's medical records from Dr. Blake Christensen relating to accident in question | Yes | Portions are irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, - FRE 402, 403, 802 |
| 7 | Plaintiff's medical records from Elkhart General Hospital from before the accident in question | Yes | Cumulative, hearsay, confusion of issues, unfairly prejudicial, not produced, identification and authentication FRE 403, 802, 901 |

| 8 | Curriculum Vitae of Dr. Randall Hendricks | Yes | Irrelevant FRE 402. |
|---|---|---|---|
| 9 | Plaintiff's medical records from Robert Tibbs, M.D. relating to accident in question | | |
| 10 | Plaintiff's medical records from Neuroscience Specialists relating to accident in question | | |
| 11 | Plaintiff's medical records from C. Erick Eckman, M.D. relating to accident in question | Yes | Portions are irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, - FRE 402, 403, 802 |
| 12 | Plaintiffs X-Rays and MRIs of Cervical Spine relating to accident in question and any prior | Yes as to "prior" | Cumulative, hearsay, confusion of issues, unfairly prejudicial, not produced, not sufficiently identified, identification and authentication FRE 403, 802, 901 |
| 13 | Plaintiff's X-Rays and MRIs of Lumbar Spine relating to accident in question and any prior | Yes as to "prior" | Cumulative, hearsay, confusion of issues, unfairly prejudicial, not produced, not sufficiently identified, identification and authentication FRE 403, 802, 901 |
| 14 | All documents relied upon by Dr. Hendricks in forming his opinions | Yes | Irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, not produced, not sufficiently identified, identification and authentication FRE 402, 403, 802, 901 |
| 15 | Billing affidavits and bills from Plaintiff's medical providers relating to accident in question | | |

| | | | |
|---|---|---|---|
| 16 | Photos of accident scene | Yes | Irrelevant, confusion of issues, unfairly prejudicial, FRE 402, 403 |
| 17 | Plaintiff's lost wage documentation, including 1099s | | |
| 18 | Documents produced pursuant to Subpoena Duces Tecum to Always Construction, LLC, including but not limited to bank statements, contracts, and invoices relating to income received by Plaintiff | Yes | Irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, not produced, not sufficiently identified, FRE 402, 403, 802 |
| 19 | Documents produced pursuant to Subpoena Duces Tecum to Tuff Shed including but not limited to bank statements, contracts, and invoices relating to income received by Plaintiff | Yes | Irrelevant, hearsay, cumulative, waste of time, confusion of issues, unfairly prejudicial, not produced, not sufficiently identified, identification and authentication FRE 402, 403, 802, 901 |
| 20 | Documents produced pursuant to Subpoena Duces Tecum to Jeff Scott including but not limited to bank statements, contracts, and invoices relating to income received by Plaintiff | Yes | Irrelevant, hearsay, cumulative, waste of time, confusion of issues, unfairly prejudicial, not produced, not sufficiently identified, identification and authentication FRE 402, 403, 802, 901 |
| 21 | Documents produced pursuant to Subpoena Duces Tecum to Scott-Whetstone Construction including but not limited to bank statements, contracts, and invoices relating to income received by Plaintiff | Yes | Irrelevant, hearsay, cumulative, waste of time, confusion of issues, unfairly prejudicial, not produced, not sufficiently identified, |

| | | | |
|---|---|---|---|
| | | | identification and authentication FRE 402, 403, 802, 901 |
| 22 | Video surveillance of Plaintiff working for Always Constructions, LLC | Yes | Irrelevant, hearsay, cumulative, confusion of issues, unfairly prejudicial, not produced, not sufficiently identified, identification and authentication FRE 402, 403, 802, 901 |
| 23 | All Formation Documents and Filings for Always Construction, LLC filed with the Secretary of State of Oklahoma | | |
| 24 | MidFirst Bank Statements for Always Construction, LLC from June to September of 2017 | Yes | Irrelevant, hearsay, cumulative, waste of time, confusion of issues, unfairly prejudicial, not sufficiently identified, FRE 402, 403, 802 |
| 25 | Contracts entered by Always Construction, LLC and Scott-Whetstone Construction | Yes | Irrelevant, hearsay, cumulative, waste of time, confusion of issues, unfairly prejudicial, not sufficiently identified, FRE 402, 403, 802 |
| 26 | Contracts entered between Always Construction, LLC and Tuff Shed | Yes | Irrelevant, hearsay, cumulative, waste of time, confusion of issues, unfairly prejudicial, not sufficiently identified, FRE 402, 403, 802 |
| 27 | Invoices and documents evidencing payments made by Tuff Shed to Always Construction, LLC | Yes | Irrelevant, hearsay, cumulative, waste of time, confusion of issues, unfairly prejudicial, not |

| | | | sufficiently identified, FRE 402, 403, 802 |
|---|---|---|---|
| 28 | Enlargements of exhibits | | |

7.   <u>WITNESSES</u>:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

A.   <u>Plaintiff</u>:

**WITNESSES:**

| Name | Address | Proposed Testimony |
|---|---|---|
| Martin J. Gordon | c/o Attorney Tim Hummel | Plaintiff. Deposed. All issues. |
| Crystal Gordon | c/o Attorney Tim Hummel | Plaintiff's wife. Witness is aware of how the collision injuries have affected her husband and their family. Witness will testify about her observations of the plaintiff and the changes she has noticed in the health and well-being of plaintiff after the incident in contrast to the plaintiff's wellness, strength, mobility, and activity prior to the collision. |
| Lon Huff | 3233 East Memorial Rd. Suite # 107A Edmond, OK  73013 | Retained expert.   Rule 26 report has been provided.  See, expert witness list. |
| Dr. Richard A. Hastings, II | Harvard Medical Clinic 1851 E. 71st Tulsa, OK  74136 | Retained expert.   Rule 26 report has been provided.  See, expert witness list. |
| David Stopper | 2600 E. Southlake Blvd. Suite 120-363 Southlake, TX  76092 | Retained expert.   Rule 26 report has been provided.  See, expert witness list. |
| Jeff Scott | 316 Country Club Terr. OKC, OK  73110 | Plaintiff's former boss.  Witness is aware of how the collision injuries have affected Plaintiff, especially with regard to his work, and the financial consequences therewith with the witness. Witness can attest to loss of income issues and money paid to plaintiff |

| | | |
|---|---|---|
| | | while unable to work. Witness may testify about his observations of the plaintiff and the changes he has noticed in the health and well being of plaintiff after the incident in contrast to the plaintiff's wellness, strength, mobility, and activity prior to the collision. |
| Terry Breaden | 4533 NW 34th St Bethany, OK 73122 | Co-laborer with plaintiff. Witness is aware of how the collision injuries have affected Plaintiff. Witness has personal knowledge of the fact that plaintiff had a completely healthy and able body before the collision. Witness will testify about his observations of the plaintiff and the changes he has noticed in the health and well being of plaintiff after the incident in contrast to the plaintiff's wellness, strength, mobility, and activity prior to the collision. |
| Steve Combs | 156 Mystery Acres Ln McLoud, OK 74851 | Co-Worker. Witness is aware of how the collision injuries have affected Plaintiff. Witness has personal knowledge of the fact that plaintiff had a completely healthy and able body before the collision. Witness will testify about his observations of the plaintiff and the changes he has noticed in the health and well being of plaintiff after the incident in contrast to the plaintiff's wellness, strength, mobility, and activity prior to the collision. |
| Peggy Thomas | 11416 Benttree Cir OKC, OK 73120 | Customer of Plaintiff. Witness has personal knowledge of a restoration project ran by plaintiff just prior to the collision. Witness can identify work type, ethic, and productivity of plaintiff before the collision while working in her home. |
| Donald Watters | 2124 Felix Place Midwest City, OK 73110 | Passenger in plaintiff's vehicle at time of collision. All issues of liability and damages. See Official Oklahoma Traffic Collision Report and affidavit of Mr. Watters. Witness is aware of how the collision injuries have affected Plaintiff. Witness has personal knowledge of the fact that plaintiff had a completely healthy and able body before the collision. Witness will testify about his |

| | | |
|---|---|---|
| | | observations of the plaintiff and the changes he has noticed in the health and well being of plaintiff after the incident in contrast to the plaintiff's wellness, strength, mobility, and activity prior to the collision. |
| Michael Blair Young | 11908 SW 18th Street Yukon, OK 73099 | See Official Oklahoma Traffic Collision Report. Involved in the collision. Issues of liability. |
| Collin Patrick Thomas | 2136 SW 48th Street OKC, OK 73119 | See Official Oklahoma Traffic Collision Report. Involved in the collision. Issues of liability. |
| Olivia Breyan Gonzales | 2136 SW 40th Street OKC, OK 73119 | See Official Oklahoma Traffic Collision Report. Involved in the collision. Issues of liability. |
| Trooper Kaleb Kemp | Oklahoma Highway Patrol Troop A 2480 SW 74th Street OKC, OK 73159 | Investigating Officer of the collision. Will testify as to his personal observations of the vehicles and the collision scene along with statements made by Defendant McCrite. |
| Derek Wood | c/o Attorney Derrick DeWitt | Deposed. St. James Transports corp. rep and safety director |
| Donald McCrite | c/o Attorney Derrick DeWitt | Deposed. |
| Robert Tibbs, M.D. | Neuroscience Specialists, P.C. 4120 W. Memorial Road Suite 300 OKC, OK 73120 | Dr. Tibbs performed surgery on plaintiff's spine.<br><br>** With respect to injuries he examined, treated, diagnosed, or consulted on, witness will testify and offer opinions concerning the cause, nature and extent of such injuries suffered by plaintiff. Witness may testify to the examination and treatment of injuries, including the diagnosis and prognosis of the injuries, the necessity and cost of past and future medical treatment and reasonableness thereof. Witness may also testify as to the extent of past and future limitations as a result of such injuries, the past and future pain suffered and to be suffered, and the mental anguish associated therewith. Witness may |

| | | |
|---|---|---|
| | | be asked to identify records and documents, if required. See also medical records regarding the treatment of plaintiff for additional details. |
| Jim G. Melton, D.O. | 3200 Quail Springs Parkway, Suite 200 OKC, OK 73134 | Dr. Melton performed surgery on plaintiff's spine, i.e., the anterior portion of the 360 back surgery. See ** above for further description of the testimony anticipated from this witness. |
| Steven D. Coupens, M.D. | 6205 N. Santa Fe OKC, OK 73118 | Dr. Coupens performed surgery on plaintiff's shoulder. See ** above for further description of the testimony anticipated from this witness. |
| Stanley Dombeck, M.D. | S.W Regional Imaging & Radiology, L.L.C. 3209 N.W. Expressway OKC, OK 73112 | Dr. Dombeck is a radiologist and provided care to plaintiff relative to his car wreck injuries. See ** above for further description of the testimony anticipated from this witness. |
| Dr. Justin G. Dockendorf | Midwest Regional Medical Center 2825 Parklawn Dr. Midwest City, OK 73110 | Dr. Dockendorf is an emergency room physician and provided care to plaintiff relative to his car wreck injuries. See ** above for further description of the testimony anticipated from this witness. |
| Dr. Geo Philips Chacko | Midwest Regional Medical Center 2825 Parklawn Dr. Midwest City, OK 73110 | Dr. Chacko is an emergency room physician and provided care to plaintiff relative to his car wreck injuries. See ** above for further description of the testimony anticipated from this witness. |
| Dr. Edward Armstrong | Midwest Regional Medical Center 2825 Parklawn Dr. Midwest City, OK 73110 | Dr. Armstrong is an emergency room physician and provided care to plaintiff relative to his car wreck injuries. See ** above for further description of the testimony anticipated from this witness. |
| Shana Stephenson | Injury Recovery PT, L.L.C. | Ms. Stephenson is a physical therapist and provided care to plaintiff relative to his car |

| | 3209 N.W. Expressway OKC, OK 73112 | wreck injuries. See ** above for further description of the testimony anticipated from this witness |
| Reine Nola | Injury Recovery PT, L.L.C. 3209 N.W. Expressway OKC, OK 73112 | Mr. Nola is a physical therapist and provided care to plaintiff relative to his car wreck injuries. See ** above for further description of the testimony anticipated from this witness |
| Dr. Oscar James | Midwest Reg. Medical Center 2825 Parklawn Dr. Midwest City, OK 73110 | Dr. James treated plaintiff in the hospital and provided care to plaintiff relative to his car wreck injuries. See ** above for further description of the testimony anticipated from this witness. |
| Dr. David Blackshaw | Accident Care & Treatment Center, Inc. 3209 N.W. Expressway OKC, OK 73112 | Treating physician of plaintiff. See ** above for further description of the testimony anticipated from this witness. |
| Dr. Richard Swenson | Accident Care & Treatment Center, Inc. 3209 N.W. Expressway OKC, OK 73112 | Treating physician of plaintiff. See ** above for further description of the testimony anticipated from this witness. |
| Dr. Gabriel Pitman | 401 S.W. 80 Street, Suite 201 OKC, OK 73139 | Treating physician of plaintiff. See ** above for further description of the testimony anticipated from this witness. |
| Dr. Daniel Jones | Southwest Orthopaedic Specialist 8100 S. Walker Ave., Bldg. A OKC, OK 73139 | Treating physician of plaintiff. See ** above for further description of the testimony anticipated from this witness. |
| Dr. Blake Christensen | 14100 Parkway Commons Dr., Suite 100 OKC, OK 73136 | Treating physician of plaintiff. Performed surgical procedures including epidural steroid injections. See ** above for further description of the testimony anticipated from this witness. |
| Dr. Jeffrey L. Watts | 3209 N.W. Expressway OKC, OK 73112 | Radiologist and treating physician of plaintiff. See ** above for further description |

| | | of the testimony anticipated from this witness. |
|---|---|---|
| Dr. Lawrence Fan | OCOM Imaging 8100 South Walker Ave. OKC, OK 73139 | Radiologist and treating physician of plaintiff. See ** above for further description of the testimony anticipated from this witness. |
| Any records custodians, if needed | Any records custodians, if needed | |
| | All witnesses listed by defendant not objected to by plaintiff. | |

B.    DEFENDANTS
**WITNESSES:**

| Name | Address | Proposed Testimony |
|---|---|---|
| Martin J. Gordon | c/o Hummel Law | Plaintiff. Deposed. All issues – will call |
| Donald McCrite | c/o Nelson Terry | Defendant. Deposed. All issues – will call |
| Derek Wood | c/o Nelson Terry | Corporate Representative. Deposed. All issues – will call |
| Dr. Randall L. Hendricks | Central States Orthopedic Specialists, Inc. 6585 South Yale, Suite 200 Tulsa, OK 74136-8375 | Expert – Report provided. All issues relating to medical treatment, pre-existing issues with Plaintiff, reasonableness, necessity, and cost of medical care relating to Plaintiff – will call |
| Dr. Caple Spence | 8121 Capital Ave. Midwest City, OK 73110 | Expert – All issues relating to medical treatment, pre-existing issues with Plaintiff, reasonableness, necessity, of medical care relating to Plaintiff – will call |
| Dr. Justin G. Dockendorf | Midwest Regional Medical Center 2825 Parklawn Drive | Testimony regarding prior treatment of Plaintiff, including areas of body complained of as injured in this accident - may call. |

| | Midwest City, OK 73110 | |
| --- | --- | --- |
| Kaleb Kemp, OHP | Troop A 2480 SW 74th Street Oklahoma City, OK 73159 | Testimony regarding facts and circumstances surrounding incident at issue and his investigation – may call. |

8.   ESTIMATED TRIAL TIME:

    A.   Plaintiff's Case:   2-3 days

    B.   Defendant's Case:   1 – 2 days

9.   BIFURCATION REQUESTED: Yes _____ No __X____

10.   POSSIBILITY OF SETTLEMENT:

    Good _____ Fair _____ Poor ____X_____

All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the court.

    S/Timothy B. Hummel
    Counsel for Plaintiff Martin Gordon
    Timothy B. Hummel, OBA No. 16511

    S/Derrick DeWitt
    Counsel for Defendants
    Derrick T. DeWitt, OBA #18044