# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTIN J. GORDON, | ) |
| Plaintiff, | ) ) ) ) |
| -vs- | ) Case No. CIV-16-1327-F ) |
| ST. JAMES TRANSPORTS, LLC, L. DAVIS TRANSPORTS, LLC, and DONALD C. McCRITE, | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Defendants have stipulated that defendant St. James Transports, LLC, is liable for the actions of its employee, defendant McCrite.

In addition, defendants have now admitted "liability as to the cause of the collision," although they dispute the nature and extent of plaintiff's damages. Doc. no. 124, defendants' amended proposed jury instructions, February 5, 2018.

Defendants' stipulations and admissions, along with their proposed jury instructions and other matters of record, concede, in their effect, the following matters: that negligent driving occurred on the part of defendant McCrite; that this negligent driving was a direct cause of the collision in which plaintiff Gordon suffered injuries; and that defendants are liable for whatever amount of damages the jury determines resulted from the collision (subject, of course, to post-trial review in this court and on appeal). These concessions apply irrespective of the particular theory of negligence asserted by the plaintiff at this stage (*i.e.* negligent driving by McCrite, and negligent entrustment by St. James). As liability for negligence has

been conclusively established for all purposes in this action, there is no need for the jury to return a verdict on negligence or on any particular theory of negligence. The jury, therefore, will not be required to do so.

The only issues for trial relate to plaintiff's damages award; specifically, to the amount of that award and to certain determinations related to that award. Therefore, the issues to be submitted to the jury at trial are as follows:

1. The amount of plaintiff's total compensatory damages award;

2. The portion of the total award that is attributable to economic losses, and the portion attributable to noneconomic losses; and

3. The nature of defendants' conduct, to the extent that such conduct is material to the damages cap of 23 O.S. 2011 § 61.2.[1]

With respect to the damages cap issue, plaintiff contends the cap should not apply because defendants' conduct was in reckless disregard of the rights of others, or was grossly negligent, or both.[2] *See*, § 61.2.C., and plaintiff's proposed jury instructions and verdict form, doc. no. 97. Thus, issues regarding defendants' conduct remain in this case to the extent that such conduct is offered to prove that defendants' acts, or their failures to act, were in reckless disregard of the rights of others, or were grossly negligent. Accordingly, plaintiff will be permitted to present

---

[1] The court previously reserved a ruling on plaintiff's motion to hold the damages cap unconstitutional. Nothing in this order (or in the jury instructions or verdict form to be presented to the jury) is intended to pre-judge this constitutional issue, which remains reserved.

[2] The court is aware of defendants' view that the court's ruling on summary judgment precludes any argument for lifting the cap. The court disagrees. Although the court ruled at the summary judgment stage that punitive damages were not submissible on the record then before the court, no arguments were presented regarding the sufficiency of the evidence to support removing the cap, and no rulings were made on that issue. Furthermore, although the court's ruling on summary judgment noted, parenthetically, that no evidence had been identified to support punitive damages against McCrite, the ruling was dicta with respect to McCrite as to whom punitive damages were never alleged, as the court noted in the order.

evidence at trial intended to show that defendants' alleged negligent conduct upon which this action is premised (McCrite's alleged negligent driving, and St. James' alleged negligent entrustment) include acts, or failures to act, which were in reckless disregard of the rights of others, or were grossly negligent.

    Dated February 8, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-1327p020.docx